FILED - GR
June 30, 2009 3:40 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _rmw_/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

**1:09-mc-74**

**Robert Holmes Bell**
**U.S. District Judge**

James Norbert Napier, Intervener and
Plaintiff - Prosecutor in Error,

Civil Case No. _____

vs

Criminal Case No. 1:96-CR-53-2

The UNITED STATES OF AMERICA
the De Facto, Corporate,
Defendant - Respondent in Error.
_____/

### A PROSECUTION IN THE NATURE OF A COMMON WRIT OF ERROR

    NOW COMES, James Norbert Napier, a private individual appearing specially as the above Intervener and Prosecutor without prejudice and not generally (as in the capacity of a U.S. citizen/debtor or any other alleged subject/object of statutory administration) regarding all of my inalienable rights including but not limited to my right to fundamental and substantive due process. And, specifically to claim rights "in the nature of" a Writ of Error regarding the above mentioned criminal matter as the damaged party therein who was damaged by the above named corporate, bankrupt United States of America, the federal reserve and its' alter ego and collection agency, the Internal Revenue Service. And, for the reason that the defendant(s) by and through the herein court, the U.S. Attorney's office and the court appointed defense attorney, all of whom acted in concert to deny this plaintiffs natural and constitutionally secured and protected fundamental and substantive right to due process.

    Further, that the damaged party and claimant, James Norbert Napier, who for the limited purposes of this writ is appearing *Specially and Not Generally* and, for that limited purpose is hereinafter referred to as the "Intervener" for the purpose of reversing, nullifying, vacating and setting aside, ab initio, with prejudice the alleged indictment, trial, verdict, judgment and sentence in the above mentioned de facto federal criminal action. The charging agency (IRS) and its' hired guns (US attorneys) having failed both then and now to determine, establish and openly present any factual basis upon which to proceed in the above mentioned matter in a private forum specifically designed to deny fundamental and substantive due process (unalienable rights) in the above mentioned federal action without considering that this Intervener was and is a private individual and not a creature or fiction of government, nor one acting by permission, commission, agency or license of that government.

## JURISDICTIONAL STATEMENT

That the district court has the authority to issue said Writ ("in the nature of") and enforce the underlying judgment within the federal constitution at Article III, Sect. 2, and Title 28, Section 1651, the all writs statute. And, the Federal Rules of Civil Procedure 60(b) do not limit or prevent the Writ in criminal matters (see the Advisory Notes describing the use of such writs, and 18 Am Jur, "Coram Nobis and the Post-Conviction Procedure Statutes in General"). And, as this Intervener is still under the effects of the judgment there-from, being damaged on an ongoing basis both financially by a treasury offset and individually by the loss of rights contingent on a perceived felony conviction (see 18 Am Jur 2d, Sect. 33 Parties). And, finally there are no impediments, restrictions or judgments relating to this Intervener as to the instigation of any action relating to a prior criminal action and the defense of the same, either by law or statute.

## PARTIES

This Intervener, James Norbert Napier, claims the right to the relief sought as the only damaged party to the action, having in error been unlawfully prosecuted and incarcerated in place of an alleged Defendant (government created Abstract/Strawman?) for a period of approximately 42 months (three and one half years) and 36 months (three years) probation and a $7,500 fine plus $100 court costs.

Defendant, and Respondent in this matter, the corporate de facto United States, by and through the Department of Justice, hereinafter referred to as the DOJ, who represented and acted on behalf of the Internal Revenue Service, the collection agency for the Treasury/Federal Reserve, hereinafter referred to as the IRS.

## TIMELINESS

Prosecution of this Writ is timely, there being no federal statute of limitations regarding common law writs, and that the errors herein have never been ruled on by any appellate proceeding. And, that this Intervener's understanding of the factual abuse of process and denial of same was not sufficient to proceed on his own behalf until this time. Further, the fine imposed at sentencing on the alleged Defendant and strawman, JAMES N NAPIER JR, although tendered by this Intervener, is currently still being collected surreptitiously by the unwarranted use of an offset statute by the DOJ/IRS through the treasury. And thus, are causing a financial loss to this Intervener on an ongoing basis, who is the only creditor to that above mentioned strawman (see attached Michigan state UCC-1 regarding the relationship between Intervener and strawman).

## THE FACTS

On March 27, 1996 a statutory indictment was obtained against the above mentioned legal fiction and Strawman, **JAMES N NAPIER JR**, charging three felony counts in violation of Title 18, Sections 2, 1341, and 1343; and on October 31, 1996 a superceding indictment was brought substituting Title 18 U.S.C. Sections 2 & 287 for the charging statutes. Both indictments and the

warrant for arrest were worded to allege that the Accused lived within one of the corporate United States, but failed to mention the legal status of the subject (person?) so charged. And, on November 12, 1996 an alleged arraignment was held with this Intervener brought by force into a federal district court room. Mr. Robert N. Swartz, who was appointed standby counsel to the Defendant/Strawman was believed to be nearby.

It was at this hearing that the court requested a plea from the alleged Defendant with the words, "*Mr. Napier, you may plead guilty, not guilty or stand mute to Counts II, III and IV. If you stand mute, the Court will enter a not guilty plea on your behalf. How do you plead to Counts II, III and IV?*" See attached Arraignment transcript, Page 10, Lines 21-24, and Page 11, Lines 1-10 before U.S. Magistrate Judge Joseph G. Scoville.

This Intervener's response to the above statement was, **"Being that that's not me, the question is if I were to enter a plea, would I not be committing perjury? And if the Court were to enter a plea knowing it's not me, would the Court not be committing perjury?"** (a total of 41 words). And, when the court heard this response the court again asked, **".... You want to stand mute?"** And, again this Intervener's response was, **"That's not me. That's right"** (another 5 words for a total of 46 words). The court then without any presumption that the alleged defendant had remained mute, announced that a **"not guilty"** plea was entered on behalf of that alleged Defendant. Yet, it should be noted that all of the transcripts up to and including the alleged Arraignment transcript clearly refers to the Second Defendant as **"THE DEFENDANT:"** whereas the First Defendant is always referred to as **"MR. YATES:"** which is never deviated from throughout the Arraignment Transcript regarding the descriptions of the First and Second Defendants. Showing that the court did not "*know*" who or where the actual accused was at the time the court entered an unsubstantiated plea without a word from that defendant (statutory person) or actually that defendants attorney (if present).

Further, the DOJ at that time did not request that the court schedule an evidentiary hearing to determine the identity and statutory status, if any, of the unnamed, Second Defendant. And, during all of this, this Intervener never offered to act as the Defendant, or agree to be partnered with the alleged Defendant for sentencing purposes, nor does any such offer or acceptance appear on the record at the alleged arraignment or any hearing before or after.

From this alleged arraignment and throughout every hearing in the above captioned criminal matter, the court proceeded as if this Intervener were in fact a person under the federal statutes, and as such a federal creature (subject) and the object of mere administrative procedure as the property of the bankruptcy creditor, the Federal Reserve Corporation and its' unnamed owners. Subsequently, the alleged Defendant was found guilty of Count II of the Superceding Indictment on January 13, 1997 and was sentenced on May 19, 1997 to 42 months incarceration, three (3) years probation, $7,500.00 fine, and a $100.00 court cost in a five page Judgement (Docket Entry date 05/20/97).

Now, in the last few months this Intervener has demanded the IRS/DOJ show cause why errors were not made in their prosecution of this Intervener. Sending a 30 day letter rogatory on February 8, 2009 by certified mail no. 7008 0150 0001 1087 1212 and a 10 day letter rogatory on March 30, 2009 by certified mail no. 7008 2810 0002 0637 7092, along with copies sent by

first class mail addressed to the U.S. Department of Justice in Grand Rapids, Michigan as counsel for the Internal Revenue Service. Further, this Intervener sent a letter rogatory and final judgement by certified mail no. 7008 2810 0002 0637 7122 to the Department of Justice in Grand Rapids, Michigan, Dated: May 08, 2009, and a second copy by first class mail. The originals were mailed to the district court clerk on that same day. And, this Intervener received the certified green card a few weeks later noticing that the above documents were delivered and received by the Department of Justice. Neither the DOJ or the IRS responded in writing or otherwise to any of the above demands to show cause, nor state any factual basis for the administrative, maritime process used in the above captioned prosecution of this Intervener.

## DECLARATION OF CAUSES

**First Cause: Fraudulent Extension of Authority**

This prosecution by Writ of Error addresses the fact that the IRS/DOJ misrepresented this Intervener to the district court as one subject to mere administrative process outside of the fundamental protections afforded a people living in a constitutional republic and not merely a creature of the de facto federal government. Or, without any factual basis for one exercising any license, commission, privilege, or acting in the capacity of one subject to mere administrative process. And, although there can be no doubt that a legal fiction cannot resist the suite of the state being the mere creation of that state; it is well established that the individual, such as this Intervener, is not the proper object of a prosecution by mere statutes. Nor, are the unalienable rights of the individual to be judged by any court or jury controlled by *"a mere clerk for the charging agency."* (**K.C. Davis v. General Electric**, U.S. Supreme Court, 1996).

And, it goes further in that for any administrative process to be valid under the organic, dejure founding documents, that very process must still be subject to the judgment of the people. The district court in this instance thwarted that process in favor of a purely feudal and totalitarian one in which the jury was frustrated from exercising its' right to judge the law, as well as, the facts. That process denied this Intervener his unalienable right to a fair trial under the Fifth & Sixth Amendments and instituted fundamental and substantive error in the constitutional sense.

**Second Cause: Denial of Substantive and Fundamental Due Process**

The alleged Defendant in this matter was charged by mere statutes, as would be the property or a mere creation of the state, and as such was wrongly brought into a forum which processed the accused as mere chattel property. Thus, this Intervener was denied the following constitutionally secured and protected due process rights:

First, statutory charges denied this Intervener the presumption of innocence. As, it is well established that the very existence of a charge by statute constitutes a determination of guilt. Hence, a statutory charge, whether brought by information or indictment is in effect the culmination of an administrative trial, and the only recourse by the defendant is to request a rehearing in the hope of avoiding criminal and/or civil penalties. A defendant in such a forum is therefor considered guilty, and the concept of innocence is not relevant. In fact this Intervener

was denied the right to enter a plea of "innocent" to the charges. Thus, this Intervener was subjected to a mere rehearing, which was paraded as if it were an actual trial under the constitution with all of the protections and rights once considered unalienable and the birthright of every American. The presumption of innocence was a luxury that this Intervener was not recognized to have or even be available to him in the forum so charged, a united states district court. Thus, this Interveners' guilt was presumed from the beginning of the process afforded him, denying this Intervener the due process contemplated under the Fifth and Sixth Amendments.

The fact that a plea of innocent was absent and not made available to the accused established that the guilt of this Intervener had already been determined administratively prior to the alleged arraignment. The arraignment court failed to even present the possibility of entering a plea of innocent, see attached arraignment transcript page. As such, this Intervener was denied the presumption of innocence in the constitutional sense and error was committed.

Second, at that alleged trial, which was in actuality the beginning of the appellate process, this Intervener was denied all of the long established rights of one **not** a creature or legal fiction of the state. This Intervener was denied the right of trial by judge and jury, as the court in this instance was acting as a mere clerk for the prosecution. See **K. C. Davis vs G. E., U.S. Supreme Court (1996)** as mentioned previously. And, as such the prosecution was at all times controlling the alleged judge and jury. The court was in violation of Judicial Canon #1, as its' independence was completely compromised. And, as a consequence of that failure, the jury was further mislead into believing that they were only to judge the facts of the case, thus denying this Intervener due process and a fair trial by both an impartial judge and jury. Not to mention a jury that knew it had the duty to judge the law, as well as, the facts. The concept of the separation of powers, and the people (the jury) to be the final arbiter of the law was missing, and denied to this Intervener the protections of the Fifth and Sixth Amendments. As such, error was committed.

It must be said at this point that a people who freely elect their representatives (public servants?) and are then directed by a judicial officer that they may not judge the very work product of those they elected disenfranchises the people and makes their vote worthless. The servant has in fact become the master, and the people are left with worthless election promises from those who courted the peoples vote only to despise those who voted for them. The jury must be free to judge any statute as to both its' purpose and application. For without that freedom the people are stripped of their authority and right to revue the labors of their elected public servants. Hence, error was committed by a prosecution controlling the court and the jury.

Third, the very standard of guilt, that is "*a shadow of a doubt*" by which a free people are known, was displaced at the alleged trial of this Intervener with a "*reasonable doubt*" conundrum used by all governments who desire to enslave the people by the use of easily manipulated concepts of guilt versus innocence. As the "*shadow of a doubt*" paradigm places the burden of proving guilt squarely on the prosecution; the use of the "*reasonable doubt*" paradigm forces the defendant to prove a negative which is an impossibility. And, who at the alleged trial of this Intervener was to determine what is reasonable under the statutes? Yes, the very jury controlled from the bench by a court acting as a mere clerk beholding to the IRS in this instance. All of which denied to this Intervener the protections of constitutional due process and its' product, a fair trial. As such, error was again committed.

**Third Cause: Denial of Competent and Effective Legal Counsel**

Robert N. Swartz was the court assigned counsel in the above captioned federal criminal matter. And, as that counsel it might be assumed that he, Swartz, would follow the basic tenets of his trade and apprise this Intervener of all of his defenses under the Fifth & Sixth Amendments. Yet, Swartz did not counsel this Intervener to demand his right to have a plea of innocent entered and registered by the court. Nor, did Swartz object to the numerous rulings made by the court denying this Intervener's right to fundamental and substantive due process, or the fact that the court was acting as a "mere clerk for the charging party." Swartz knew or should have known that the nature of the proceedings did not rise to the constitutional level of due process allegedly afforded every private individual and American.

As court appointed counsel, Swartz seemed to understand that he was not to rock any boats while making sure that the alleged defendant was securely on the tracks to a conviction in a foreign, private court. Nor, was the train of prosecution to be hindered by Swartz, who made no attempt to assert or defend any of Interveners unalienable rights to due process as allegedly secured and protected under the organic constitution as a private individual and an American.

As, a part of the show known as the "appearance of justice," Swartz was well aware of his part in the play. His job was to grease the tracks and make the job of the prosecution as easy as possible while he gave the illusion of one acting on behalf of his alleged client. Swartz made no attempt to tell this Intervener that he was being processed as property. Made no attempt to protect this Intervener's right to the process due a private individual. And, made no attempt to notify the court of the improper administering of the charging statutes when applied to a private individual, as opposed to a corporation or legal fiction. The answers to these questions beyond a doubt proclaim the fact that said counsel was acting as one of the three prosecutors of the district courts administrative tribunal in an equity/admiralty jurisdiction. The prosecutor in this instance was assisted by a prosecuting court and a prosecuting defense attorney and error was committed. As such, Swartz was ineffective as a defense attorney and further error was committed.

**CONCLUSIONS**

First, the DOJ, acting on behalf of the IRS, never joined either the alleged Defendant and Strawman, or this Intervener for that matter, to the issues it raised by indictment and consequently by a superceding indictment. There is no factual basis that the alleged Defendant and Strawman, "JAMES N NAPIER JR," herein also referred to as the "alleged Defendant" was ever arrested or represented by counsel at the alleged arraignment hearing. Nor, was any said Strawman present to enter a plea by representation or otherwise. And, hence the arraignment court, presided by magistrate Scoville, was intrusted to get the job done by establishing an agreement with whomever was brought before that court and made to appear as if to accept the courts offer of joinder. Thus, up to and including the arraignment transcript the second defendant is referred to only as the "Second Defendant," the identity of which had not been established at the time of the arraignment on the superseding indictment. This did not seem to bother the arraignment court. On the contrary, the arraignment court simply proceeded with business as usual, possibly not even suspecting or wanting to know that this Intervener was any different than any other alleged creature and loyal subject of the legislature (or was it the Crown?).

Yet, this Intervener did in fact act differently than others so accused and did not remain or stand mute when the arraignment court explained that if the alleged accused were to stand mute, the court would enter a plea of not guilty on its' behalf. After all, how could the arraignment court enter a plea for anyone other than a creature of the state without over stepping its' jurisdictional bounds. To do otherwise would amount to the court acting as the attorney for the defendant when entering a plea for one that might choose to remain silent. Again, this seems to be business as usual. But, it is beyond question that this Intervener did not join issue with the charges, refused to enter a plea, and did not stand silent or mute to the error.

Add to this, the fact that Criminal Procedure Rule 43(a) states, "*The defendant shall be present at the arraignment, at the time of the plea ....*" yet, Swartz was not asked, if he being available would enter a plea on behalf of his alleged client. All of which makes sense if the one to be formally joined (arraigned) in the process were to be an actual creature of the state. Yet, it is clear and unambiguous that the IRS/DOJ along with Swartz were all well aware of who was actually to be joined to the case, and that it was no mere formality. A legal fiction need only be represented by counsel at the arraignment in an administrative proceeding, but to attach this Intervener it was necessary that said Intervener speak. Still, the subject of the charging statutes must be present or represented by counsel for the court to require a plea. Neither was true in this instance, nor was a common plea of innocent available or offered by the court to this Intervener. Nor, did Swartz or any other attorney in the room object to the proceedings. Swartz knew or should have known that a wrong was being perpetrated. Hence, from the very inception of the case, the court appointed attorney failed to pursue all avenues of defense, or protect the accused's right to constitutional due process. This Intervener was denied effective assistance of counsel.

Further, the IRS/DOJ in remaining silent and failing to respond to this Interveners' letters Rogatory to show cause exhibited their desire and intent to accept responsibility for their actions, and make right this Intervener in every way and means put forth in those Letters Rogatory and subsequent judgment. As, the High Court has held that coram nobis is available only when the challenged conviction is one that has been obtained as a result of errors "*of the most fundamental character*" that have "*rendered the proceeding itself irregular and invalid.*" The process exploited was not only flawed from the arraignment through to the judgment and sentence, but was a complete fraud and a denial of this Intervener's unalienable rights and those of the people of Michigan. Therefore, fatal errors of Law were committed at every stage of the prosecution.

Thus, charged by mere statute without any plea, without an impartial judge, jury or counsel, without the shadow of a doubt paradigm, the process was fraught with conclusive error.

## JUDGMENT

THEREFORE, it is the Judgment herein that the Department of Justice acting on behalf of and for the Internal Revenue Service did deny this Intervener his fundamental, organic rights and committed error when it proceeded to charge and prosecute said Intervener by mere statutes as the creation and chattel property of the de facto federal government. And, that Robert N. Swartz, the assigned counsel was ineffective and did act in concert with the IRS/DOJ to deny this Intervener his unalienable and constitutionally secured and protected right to fundamental and substantive due process as secured and protected by the founding, organic documents.

## RELIEF REQUESTED

Thus, the above captioned Intervener and Prosecutor, as the damaged party in interest requests that this court proceed honorably under the rule of law and in the interest of justice. That the district court issue the Writ of Error, as the Defendants have justly requested by their silence, to correct the wrongs done to this Intervener. To reverse, void, nullify and vacate, ab initio, the above captioned criminal matter from its' inception and/or Arraignment forward, including the verdict, judgment, sentence and fines. And in the spirit of judicial comity and economy and the prior collateral agreement of the IRS/DOJ to affect a complete and adequate remedy, order the payment of compensation in the amount of $6,360,000.00 as a common law offset for damages inflicted. And, further the court order that all monies withheld from this Intervener, either directly or as the indirect consequence of the above captioned conviction be compiled and disbursed to this Intervener with interest. And, to order any other relief that the court deems just and the Law and Statutes may allow.

Further, that the Internal Revenue Service and Department of Justice return to the Intervener, all property taken from Interveners home and all monies collected from this Intervener while unlawfully incarcerated in prison, at the half way house, and on probation. And, that this matter be brought before the trial court for enforcement by the issuing of a Writ of Error for the relief adjudged herein and in substantial harmony with this Prosecution.

## VERIFICATION

I, James Norbert Napier, as the Intervener and Prosecutor herein states and verifies by Asseveration that the facts, conclusions and judgments herein referred to are to the best of my knowledge and understanding true, correct and not meant to deceive.

Dated: _June 29, 2009_ and

Respectfully Interposed by _James Norbert Napier_
James Norbert Napier
c/o 634 Hazelbank Road
Holland, Michigan state

Phone: (616) 392-8610